IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

KIMBERLY KACZYNSKI; and      CIVIL DIVISION
WALTER KACZYNSKI, her husband
And JOSHUA KACZYNSKI

No.: GD-21-009922

**COMPLAINT**

           Plaintiff,
v.

TARAKUR RAHMAN; and
LYFT INC.,
           Defendants

Code:

Filed on Behalf of:
Plaintiffs

Counsel of Record for
this Party:

Walter J. Nalducci, Esquire
Pa. I.D. #69256

CUTRUZZULA & NALDUCCI
3300 Grant Building
310 Grant Street
Pittsburgh, PA  15219
(412) 391-4040
**A JURY TRIAL DEMANDED**


DEFENDANT'S EXHIBIT

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| KIMBERLY KACZYNSKI; and <br> WALTER KACZYNSKI, her husband <br> And JOSHUA KACZYNSKI <br><br> Plaintiff, <br><br> v. <br><br> TARAKUR RAHMAN; and <br> LYFT INC., <br><br> Defendants | CIVIL DIVISION <br><br><br><br><br><br> No.: GD-21-009922 |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

ACBA LAWYER REFERRAL SERVICE
400 KOPPERS BUILDING – 436 SEVENTH AVENUE
PITTSBURGH, PA 15219
412-261-5555

## COMPLAINT

### A Jury Trial Demanded

AND NOW, come the Plaintiffs, Kimberly Kaczynski, Walter Kaczynski and Joshua Kaczynski, by and through their attorneys, Walter J. Nalducci, Esquire and CUTRUZZULA & NALDUCCI, and files this action against these Defendants upon a set of particulars of which the following is a statement:

1. That Plaintiff, Kimberly Kaczynski, Walter Kaczynski, her husband and Joshua Kaczynski are individuals residing at 2715 Waterman Road Pittsburgh PA 15227.

2. That Defendant, Tarakur Rahman is an individual residing at 1662 Maple Street, Fort Lee NJ 07024

3. That Defendant, Lyft Inc is California corporation with a principal place of business at 185 Berry Street, Suite 5000, San Francisco CA 94107.

4. That at all relevant times, the defendant, Lyft Inc., operated a transportation network within the Commonwealth of Pennsylvania.

5. That defendant, Tarakur Rahman was operating a blue Hyundai Sonata with a placard for Lyft and at the time of the accident in question and was operating his vehicle in furtherance of the business interest of the defendant, Lyft Inc and/or as the agent of Defendant, Lyft Inc.

6. That prior to the date in question, the defendant, Lyft Inc. undertook and did provide driver training to the defendant, Tarakur Rahman, through its' Lyft Driver Training Program, which included the creation and provision of multiple driver training resources.

7. That on or about August 24, 2019, Wife- Plaintiff, Kimberly Kaczynski was operating a Honda CR-V with Plaintiff, Joshua Kaczynski as a passenger turning left onto Steiner from Joseph in Baldwin Borough, Pennsylvania.

8. That on and at the same date, time and place, Defendant, Tarakur Rahman was operating his vehicle when he negligently and carelessly operated his vehicle backwards off Steiner Road onto Joseph and into the path of Plaintiff's vehicle thereby striking the vehicle and causing severe injuries and damages to Plaintiffs as hereinafter set forth.

## COUNT I

## KIMBERLY KACZYNSKI, Wife-Plaintiff v. TARAKUR RAHMAN, Defendant

9. That Wife-Plaintiff, Kimberly Kaczynski, hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 8, inclusive, as fully as if the same had been set forth herein at length.

10. That the above described accident and the resulting injuries and damages to Wife- Plaintiff, Kimberly Kaczynski a were cause solely by and were the direct and proximate result of the negligence of the Defendant, Tarakur Rahman, himself, and acting through him agents, servants, workmen, and/or employees, acting within the scope of his agency, servitude, workmanship, and/or employment, said negligence consisting of inter alia, the following particulars:

    a. In negligently striking the Plaintiff's vehicle

    b. In negligently causing the accident;

    c. In failing to operate the vehicle in a safe manner under the then existing conditions;

    d.    In failing to warn Plaintiffs by sounding a horn or otherwise;

    e.    In negligently backing up into an intersection;

    f.    In being inattentive and failing to maintain a sharp lookout of the road;

    g.    In failing to take evasive action to prevent striking the vehicle;

    h.    In failing to operate the brakes in such a manner that the vehicle was under proper control;

    i.    In failing to have the vehicle under proper control;

    j.    In failing to maintain the vehicle in proper and safe repair;

    k.    In operating his vehicle into Plaintiffs' lane of travel;

    l.    In driving at an excessive rate of speed;

    m.    In failing to slow down when approaching Plaintiff's vehicle; and

    n.    In failing to operate the vehicle at a safe rate of speed.

11.    That solely as a result of the aforesaid negligence, Wife-Plaintiff, Kimberly Kaczynski, has sustained, *inter alia*, the following injuries, all of which are or may be of a permanent nature:

    a.    Injury to head;

    b.    Concussion;

    c.    Injury to neck;

    d.    Injury to shoulder;

    e.    Anterior cervical discectomy and fusion surgery;

  f. Multiple contusions and bruises of body;

  g. Shock to nerves and nervous system; and

  h. Scarring.

12. That solely as the result of the aforesaid injuries, Wife-Plaintiff, Kimberly Kaczynski has sustained the following damages:

  a. She has suffered and will suffer great pain, suffering, inconvenience, embarrassment, and mental anguish;

  b. She has been and will be required to expend large sums of money for surgical and medical attention, hospitalization, medical supplies, surgical appliances, physical therapy, medicines, and attendant services;

  c. She has been and will be deprived of her earnings;

  d. Her earning capacity has been reduced and permanently impaired;

  e. She has been disfigured;

  f. Her general health, strength and vitality have been impaired; and

  g. She has been and will be unable to enjoy the ordinary pleasures of life.

WHEREFORE, Wife-Plaintiff, Kimberly Kaczynski demands judgment in her favor and against Defendant, Tarakur Rahman in an amount in excess of Thirty-Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of interest and costs.

## COUNT II

### KIMBERLY KACZYNSKI, Wife-Plaintiff v. LYFT, INC., Defendant

13. That Wife-Plaintiff, Kimberly Kaczynski, hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 8, and 10 through 12 inclusive, as fully as if the same had been set forth herein at length.

14. That the above described accident and the resulting injuries and damages to Wife- Plaintiff, Kimberly Kaczynski a were cause solely by and were the direct and proximate result of the negligence of the Defendant, Tarakur Rahman, himself, and acting through him agents, servants, workmen, and/or employees, including Defendant, Lyft Inc., acting within the scope of his agency, servitude, workmanship, and/or employment, said negligence consisting of inter alia, the following particulars:

   a. In that this defendant is vicariously liable for the above described negligent acts of its agents, Tarakur Rahman;

   b. In that this defendant undertook to provide Driver Training to its agent, Tarakur Rahman, and then failed to exercise due care in its preparation of the training resources and materials utilized in the driver training;

   c. In that the safety training materials which this defendant utilized in its Safety Training of its agent, Tarakur Rahman, failed to provide necessary training in safe vehicle operation which would have reduced the likelihood of the type of collision which injured the plaintiff; and

   d. In that this defendant undertook to impose driving requirements upon its agent, Tarakur Rahman, and then neglected to impose adequate requirements with respect to safe vehicle operation, thereby increasing the risk of the type of collision which injured the plaintiff.

WHEREFORE, Wife-Plaintiff, Kimberly Kaczynski demands judgment in her favor and against Defendant, Lyft Inc. in an amount in excess of Thirty-Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of interest and costs.

## COUNT III

## JOSHUA KACZYNSKI, Plaintiff v. TARAKUR RAHMAN, INC., Defendant

15. That Plaintiff, Joshua Kaczynski, hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 8, inclusive, as fully as if the same had been set forth herein at length.

16. That the above described accident and the resulting injuries and damages to Plaintiff, Joshua Kaczynski a were cause solely by and were the direct and proximate result of the negligence of the Defendant, Tarakur Rahman, himself, and acting through him agents, servants, workmen, and/or employees, acting within the scope of his agency, servitude, workmanship, and/or employment, said negligence consisting of inter alia, the following particulars:

   a. In negligently striking the vehicle in which Plaintiff was a passenger in;

   b. In negligently causing the accident;

   c. In failing to operate the vehicle in a safe manner under the then existing conditions;

   d. In failing to warn Plaintiffs by sounding a horn or otherwise;

   e. In negligently backing up into an intersection;

   f. In being inattentive and failing to maintain a sharp lookout of the road;

   g. In failing to take evasive action to prevent striking the vehicle;

   h. In failing to operate the brakes in such a manner that the vehicle was under proper control;

   i. In failing to have the vehicle under proper control;

   j. In failing to maintain the vehicle in proper and safe repair;

    k.    In operating his vehicle into Plaintiffs' lane of travel;

    l.    In driving at an excessive rate of speed;

    m.    In failing to slow down when approaching Plaintiff's vehicle; and

    n.    In failing to operate the vehicle at a safe rate of speed.

17. That solely as a result of the aforesaid negligence, Plaintiff, Joshua Kaczynksi, has sustained, *inter alia*, the following injuries, all of which are or may be of a permanent nature:

    a.    Multiple contusions and bruises of body; and

    b.    Shock to nerves and nervous system; and

18. That solely as the result of the aforesaid injuries, Plaintiff, Joshua Kaczynski has sustained the following damages:

    a.    He has suffered and will suffer great pain, suffering, inconvenience, embarrassment, and mental anguish;

    b.    He has been and will be required to expend large sums of money for surgical and medical attention, hospitalization, medical supplies, surgical appliances, physical therapy, medicines, and attendant services;

    c.    He has been and will be deprived of his earnings;

    d.    His earning capacity has been reduced and permanently impaired;

    e.    He has been disfigured;

  f. His general health, strength and vitality have been impaired; and

  g. He has been and will be unable to enjoy the ordinary pleasures of life.

WHEREFORE, Plaintiff, Joshua Kaczynski demands judgment in his favor and against Defendant, Tarakur Rahman in an amount in excess of Thirty-Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of interest and costs.

## Count IV

## JOSHUA KACZSYNSKI, Plaintiff v. LYFT, INC., Defendant

19. That Plaintiff, Joshua Kaczynski, hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 8, and 16 through 18 inclusive, as fully as if the same had been set forth herein at length.

20. That the above described accident and the resulting injuries and damages to Plaintiff, Joshua Kaczynski a were cause solely by and were the direct and proximate result of the negligence of the Defendant, Tarakur Rahman, himself, and acting through him agents, servants, workmen, and/or employees, including Defendant, Lyft Inc., acting within the scope of his agency, servitude, workmanship, and/or employment, said negligence consisting of inter alia, the following particulars:

  a. In that this defendant is vicariously liable for the above described negligent acts of its agents, Tarakur Rahman;

  b. In that this defendant undertook to provide Driver Training to its agent, Tarakur Rahman, and then failed to exercise due care in its preparation of the training resources and materials utilized in the driver training;

  c. In that the safety training materials which this defendant utilized in its Safety Training of its agent, Tarakur Rahman, failed to provide necessary training in safe vehicle operation which would have reduced the likelihood of the type of collision which injured the plaintiff; and

      d.      In that this defendant undertook to impose driving requirements upon its agent, Tarakur Rahman, and then neglected to impose adequate requirements with respect to safe vehicle operation, thereby increasing the risk of the type of collision which injured the plaintiff.

WHEREFORE, Plaintiff, Joshua Kaczynski demands judgment in his favor and against Defendant, Lyft Inc. in an amount in excess of Thirty-Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of interest and costs.

### Count V

### WALTER KACZYNSKI, Husband-Plaintiff v. TARAKUR RAHMAN, Defendant

### LOSS OF CONSORTIUM

21.    That Husband-Plaintiff, Walter Kaczynski hereby incorporates by reference each and every allegation contained in Paragraph 1 through 8, and 10 through 12, inclusive, as fully as if the same had been set forth herein at length.

22    That solely as a result of the injuries to Wife-Plaintiff, the Husband-Plaintiff, has been and will be required to expend large sums of money for medical and surgical attention, hospitalization, medical supplies, physical therapy, and attendant services for his wife and will be deprived of her services.

WHEREFORE, Husband-Plaintiff, Walter Kaczynski claims damages from the Defendant, Tarakur Rahman, in amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollar, exclusive of costs and interest.

### COUNT VI

### WALTER KACZYNSKI, Husband-Plaintiff v. TARAKUR RAHMAN, Defendant

### LOSS OF CONSORTIUM

23. That Husband-Plaintiff, Walter Kazcynski hereby incorporates by reference each and every allegation contained in Paragraph 1 through 8, 11, 12 and 14 inclusive, as fully as if the same had been set forth herein at length.

24. That solely as a result of the injuries to Wife-Plaintiff, the Husband-Plaintiff, has been and will be required to expend large sums of money for medical and surgical attention, hospitalization, medical supplies, physical therapy, and attendant services for his wife and will be deprived of her services.

WHEREFORE, Husband-Plaintiff, Walter Kaczynski claims damages from the Defendant, Lyft Inc, in amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollar, exclusive of costs and interest.

Respectfully submitted,

CUTRUZZULA & NALDUCCI

By:_____
Walter J. Nalducci, Esquire
Attorney for Plaintiff

## VERIFICATION

I, Joshua Kaczynksi, verify that the statements made in the foregoing pleading are true to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 10-26-2021          X _Joshua Kaczynski_

## VERIFICATION

I, Kimberly Kaczynksi, verify that the statements made in the foregoing pleading are true to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 10/26/21                                       X _Kimberly Kaczynski_

## VERIFICATION

I, Walter Kaczynksi, verify that the statements made in the foregoing pleading are true to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 10-26-21        X /s/ Walter Kaczynski

## CERTIFICATE OF SERVICE

I, Walter Nalducci, Esquire, hereby certify that I served a true and correct copy of the foregoing Complaint upon the following by United States Mail, postage pre-paid, this date:

Christopher A. Lovato, Esquire
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(Attorneys for Defendant, Lyft, Inc.)

Jamie Lenzi, Esquire
Cipriani and Werner
650 Washington Rd #700,
Mt Lebanon, PA 15228
(Attorney for Tarakur Rahman)

Date: 10/27/2021

By: _____
Walter J. Nalducci, Esquire
Attorney for Plaintiff